# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW WHITEHAIR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:20-cv-00917 |
| ) | |
| STATE OF TENNESSEE, et al., ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE HOLMES |
| Respondents. ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 21), recommending that the pending petition for *habeas corpus* relief be denied and that this action be dismissed. Petitioner filed an objection (Doc. No. 22), which Respondents oppose (Doc. No. 24). For the reasons discussed below, Petitioner's objection (Doc. No. 22) is overruled, and the Report and Recommendation (Doc. No. 21) is adopted and approved.

## I.     PROCEDURAL BACKGROUND

In July 2013, a Tennessee jury convicted Petitioner of two counts of aggravated sexual battery; one count each of incest, statutory rape by an authority figure, and sexual battery by an authority figure; five counts of attempted incest; two counts of sexual battery; and one count of assault. *Whitehair v. State*, 2020 WL 916061, at *1 (Tenn. Crim. App. Feb. 26, 2020) [hereinafter *Whitehair II*]. Petitioner was found not guilty of two counts of incest and two counts of statutory rape by an authority figure. *Id*. His convictions were affirmed on direct appeal. *State v. Whitehair*, 2016 WL 880021, at *1 (Tenn. Crim. App. Mar. 8, 2016), perm. app. denied (Tenn. Oct. 20, 2016) [hereinafter *Whitehair I*]. Petitioner then filed a petition for post-conviction relief, which was denied by the post-conviction court after it held an evidentiary hearing. *Whitehair II*, 2020 WL

916061 at *1. In February 2020, the Tennessee Court of Criminal Appeals denied relief to Petitioner and affirmed the judgment of the post-conviction court. *Id*. at *22. The Tennessee Supreme Court denied permission to appeal. (Docket No. 10-55.)

On October 26, 2020, Petitioner filed the pending petition for writ of *habeas corpus* under 28 U.S.C. § 2254. (Doc. No. 20-1). Through his petition for *habeas corpus* relief, Petitioner challenges his supervised probation under judgments of conviction from the Rutherford County Criminal Court for simple assault, aggravated sexual battery, sexual battery, attempted incest, incest, statutory rape by an authority figure, and sexual battery by an authority figure for which Petitioner received a sentence of eight years of incarceration, seven years of supervised probation, and lifetime community supervision as a registered sex offender. Respondents responded to the petition on April 26, 2021. (Doc. No. 13). On July 22, 2021, Petitioner filed a reply in support of his petition, arguing, in pertinent part:

> **II. 28 U.S.C. §2254(d) Does Not Bar Petitioner's Entitlement To Habeas Relief On Claims Decided On The Merits By The Tennessee State Courts**
>
> Respondent maintains that Claims ¶¶ 1(A), 1(B), 1(E), 1(F), 1(G), 1(H), 1(I), and 1(K)(in part) which allege the ineffectiveness of trial counsel; Claim ¶ 2 which alleges the ineffectiveness of appellate counsel; and Claim ¶ 3G which alleges prosecutorial misconduct are barred from relief by 28 U.S.C. §2254(d). *See* Answer, D.E. 13. Petitioner respectfully disagrees. As further set forth *infra*, because the decision of the Tennessee Court of Criminal Appeals (CCA) on direct appeal and post-conviction appeal was contrary to and/or an unreasonable application of clearly established law as set forth in Section 2254(d), Petitioner's claims are not barred by AEDPA, and should be reviewed de novo. *See, e.g., Williams v. Taylor*, 529 U.S. 362, 404-405 (2002); *Bies v. Shelton*, 775 F.3d 386, 395 (6th Cir. 2014).
>
> **A. Section 2254(d) Does Not Bar Relief on Petitioner's Claims That Trial and Appellate Counsel Were Ineffective (Claims ¶¶ 1(A), 1(B), 1(E), 1(F), 1(G), 1(H), 1(I), and 1(K)(in part) and Claim ¶ 2)**
>
> The limitations on relief set forth in 28 U.S.C. § 2254(d) do not bar this Court from granting federal habeas relief on Petitioner's claims that trial and appellate counsel were ineffective because the decision of the CCA was

2

"contrary to . . . clearly established Federal law." As the United States Supreme Court has made clear, "[a] state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." *Williams v. Taylor*, 529 U.S. 362, 406 (2000). In Petitioner's case, the CCA misstated the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for establishing deficient performance and prejudice.

When considering whether the performance of trial and appellate counsel was deficient, the CCA repeatedly indicated that Petitioner failed to prove his allegations of ineffectiveness by clear and convincing evidence. *See* Opinion of CCA on Post-Conviction Appeal, D.E. 10-52, PageID #5814-5816 (explaining application of "clear and convincing" standard for factual determinations); #5822 (finding that Petitioner failed to show "clear and convincing evidence" to establish allegations of ineffectiveness); #5830 (finding that Petitioner "failed to prove his allegation [of ineffective assistance of appellate counsel] by clear and convincing evidence.").

As this Court well-knows, *Strickland* requires the Petitioner to establish trial counsel's deficient performance or prejudice by a preponderance of the evidence, not by clear and convincing evidence. *See, e.g., Higgins v. Renico*, 470 F.3d 624, 632 (6th Cir. 2006) (citing *Strickland* in support of the rule that "a defendant has the burden of proving, by a preponderance of the evidence, that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'"). Clear and convincing evidence is a more demanding standard than a preponderance of the evidence and is contrary to the clearly established law of *Strickland*. *See Bryant v. Westbrooks*, 2018 U.S. Dist. LEXIS 150668 (M.D. Tenn.) (adopted in relevant part at 2018 U.S. Dist. LEXIS 180833 (M.D. Tenn.) (finding that the imposition of a clear and convincing standard to prove IAC, which is a higher burden of proof than set forth in *Strickland*, is contrary to the clearly established law of *Strickland*).

In *Bryant*, the District Court found that the Tennessee court properly stated its statutory requirement that factual allegations be proven by clear and convincing evidence and properly set forth the standards articulated in *Strickland*. However, the Tennessee court went on to reference *Bryant*'s failure to prove his ineffectiveness allegations by clear and convincing evidence:

> Although the state court acknowledged the proper *Strickland* analysis as to deficiency and prejudice, it then applied a clear and convincing evidentiary standard, requiring Petitioner to prove his *constitutional violation* by clear and convincing evidence. *See Bryant*, 460 S.W.3d at 521. It is true that Tennessee law requires a post-conviction petitioner to prove factual allegations by clear and

3

> convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (providing that "[t]he petitioner shall have the burden of proving the *allegations of fact* by clear and convincing evidence") (emphasis added). But the court did not limit the clear and convincing burden of proof solely to factual allegations. Instead, the court consistently referred to Petitioner's failure to prove deficiency itself by clear and convincing evidence. That is not the standard, as *Strickland* requires that deficiency be measured from the objective standard of a reasonable attorney, and the Sixth Circuit has acknowledged the evidentiary burden to be a preponderance of the evidence. *See Higgins*, 470 F.3d at 632. The Tennessee Supreme Court's imposition of a higher standard is thus contrary to clearly established federal law.
>
> *Bryant*, at *40-41. Similarly, here, the CCA imposed the more demanding clear and convincing standard, as evidenced by its reference to Petitioner's failure to prove his constitutional allegations of ineffectiveness by clear and convincing evidence. *See* Opinion of CCA on Post-Conviction Appeal, D.E. 10-52, PageID #5822, 5830. Though the CCA did not use this language in its denial of relief on each of Petitioner's ineffectiveness claims, it can be presumed that, where the CCA was applying the clear and convincing standard to deny relief both at the beginning of its review of Petitioner's allegations and at the end, this was the standard it applied in each instance. *Cf. Williamson v. Genovese*, 2019 U.S. Dist. LEXIS 236564 (M.D. Tenn.).
>
> As a result, because the CCA employed a standard contrary to the clearly established law of *Strickland*, Petitioner's ineffectiveness claims are not barred by 28 U.S.C. § 2254(d). Instead, Petitioner is entitled to de novo review of his claims that trial and appellate counsel were ineffective. *See Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006) ("When the state court issues a decision that is contrary to federal law, we review the merits of the petitioner's claim de novo." (collecting cases)).

(Doc. No. 18 at 9-11) (emphasis in original).

On August 6, 2024, the Magistrate Judge issued the pending Report and Recommendation (Doc. No. 21), recommending denial and dismissal of the pending petition. The Report states in pertinent part, as follows:

> Throughout his arguments, Petitioner contends that the TCCA misstated the standard for establishing the two prongs of the *Strickland* test. He states that the TCCA "repeatedly indicated that Petitioner failed to prove his allegations of ineffectiveness by clear and convincing evidence." (*Id*. at 9 (citing Docket No. 10- 52 at 17–19, 25, 33).) *See also Whitehair II*, 2020 WL 916061 at *11–

4

12, 16, 21.4 Petitioner argues that the "clear and convincing" standard that the TCCA applied is more demanding than the standard set by *Strickland*, and the TCCA's decision is therefore contrary to federal law. (*Id.* at 11.) Based on that argument, Petitioner asks this Court to afford him a *de novo* review of his claims of ineffectiveness of counsel. (*Id.*)

To support his position, Petitioner compares the TCCA's opinion in his case to an opinion of the Tennessee Supreme Court, which this Court discussed in *Bryant v. Westbrooks*, No. 3:15-0685, 2018 WL 4210784 (M.D. Tenn. Sept. 4, 2018), *report and recommendation adopted* 2018 WL 5255281 (M.D. Tenn. Oct. 22, 2018). In *Bryant*, Magistrate Judge Wehrman found that the Tennessee Supreme Court improperly applied a "clear and convincing" standard of proof on the deficiency prong of the petitioner's *Strickland* claims, which was contrary to clearly established law. 2018 WL 4210874, at *13–14. Judge Wehrman found it crucial that "the [state] court did not limit the clear and convincing burden of proof solely to factual allegations. Instead, the [state] court consistently referred to the petitioner's failure to prove deficiency itself by clear and convincing evidence." *Id.* at *13. Petitioner argues that the TCCA did the same in this matter, and that this Court must therefore find that the TCCA's decision here was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" under 28 U.S.C. § 2254(d)(1).

Also in his reply, Petitioner briefly cites to another case from this district as a point of comparison. (Docket No. 18 at 11.) In *Williamson v. Genovese*, Magistrate Judge Frensley examined whether the TCCA improperly applied a "clear and convincing" standard when analyzing an ineffective assistance of counsel claim. No. 3:13-cv-00219, 2019 WL 11669111, at *31 (M.D. Tenn. July 31, 2019), *report and recommendation adopted* 2021 WL 268768 (M.D. Tenn. Jan. 27, 2021). Judge Frensley found that the state court applied the correct standard under *Strickland*, and that the state court's reference in its opinion to a "clear and convincing" standard was made "in the context of post-conviction hearing, in which the statutory standard for relief required proof of [petitioner's] allegations by clear and convincing evidence." *Id.* (citing *Williamson v. State*, 476 S.W.3d 405, 417 (Tenn. Crim. App. 2015)). In other words, although the state court referenced a "clear and convincing" standard, the applied standard was appropriately limited to factual allegations. Ultimately, Judge Frensley found no merit in the petitioner's claim that the state courts unreasonably applied or contradicted *Strickland*.

Here, much like in *Williamson*, Petitioner has not demonstrated that the TCCA unreasonably applied or contradicted clearly established federal law when evaluating Petitioner's ineffective assistance of counsel claims under *Strickland*.

The record reflects that the TCCA correctly applied the *Strickland* standard. In adjudicating Petitioner's claims for ineffective assistance of trial counsel, the TCCA set forth the correct legal standards, as articulated in *Strickland*, in great detail:

> In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two-prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).
>
> The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).
>
> Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v.*

6

> > *Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694).
>
> *Whitehair II*, 2020 WL 916061, at *12.
>
> In its decision, the TCCA did not misapply the standard, as Petitioner contends, despite its several references to "clear and convincing" evidence. Those references are to Petitioner's burden to prove his factual allegations by clear and convincing evidence during the hearing in the post-conviction court; a burden that is, as noted by the TCCA, drawn from state law. *Id*. at *11 (citing Tenn. Code Ann. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999)). This burden does not apply to legal determinations, such as whether the attorney's representation fell below an objective standard of reasonableness or whether the petitioner was prejudiced by the claimed deficient representation. Here, the TCCA's decision, when taken in context, is clear that Petitioner's claims for ineffective assistance of counsel were adjudicated pursuant to the appropriate legal rules directed by the Supreme Court and the decision is neither unreasonable nor contrary to law.
>
> *****
>
> The TCCA explicitly – and perhaps somewhat unartfully – stated that Petitioner "failed to show clear and convincing evidence at the hearing, presumably in the form of testimony or information about the additional allegations of abuse, which would have supported his argument that trial counsel and co-counsel were ineffective for failing to present the evidence in an offer of proof." *Id*. However, as discussed above with respect to Claim 1 generally, this reference is – correctly – to Petitioner's burden to prove his factual allegations by clear and convincing evidence, not to an incorrect burden to prove his ineffective assistance of counsel claim by clear and convincing evidence. That the TCCA did not apply an incorrect clear and convincing standard to whether Petitioner established that trial counsel's performance was deficient is further bolstered by the TCCA's statement that "[i]n our review, we determine that the evidence does not *preponderate* against the conclusions of the post-conviction court" that trial counsel were not ineffective. *Id*. (emphasis added).
>
> Petitioner has not offered any additional bases from which the Court can conclude that TCCA's determination with respect to this claim was unreasonable or resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law. For these reasons, Petitioner is not entitled to *habeas corpus* relief on this ground.

(Doc. No. 21 at 16-19, 33-34) (emphasis in original).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

Petitioner objects to the Magistrate Judge's determination that the Tennessee Court of Criminal Appeals' decision was not contrary to "clearly established" federal law and that it applied the correct legal standard. (*See* Doc. No. 22 at 1). In support of his objection, Petitioner argues:

> the Court of Criminal Appeals imposed the more demanding clear and convincing standard, as evidenced by its reference to Petitioner Whitehair's failure to prove his constitutional allegations of ineffectiveness by clear and convincing evidence. *See* Opinion of CCA on Post-Conviction Appeal, D.E. 10-52, PageID #5822, 5830. Though the CCA did not use this language in its denial of relief on each of Petitioner's ineffectiveness claims, it can be reasonably presumed that, where the CCA was applying the clear and convincing standard to deny relief both at the beginning of its review of Petitioner's allegations and at the end, this was the standard it applied in each instance. *Cf. Williamson v. Genovese*, 2019 U.S. Dist. LEXIS 236564 (M.D. Tenn.).
>
> It is well-established that, when a state court "failed to apply" the established federal standard, "the state court's adjudication [i]s contrary to clearly established federal law." *Lafler v. Cooper*, 132 S. Ct. 1376, 1390, 1395 (2012); *see McGowan v. Burt*, 788 F.3d 510, 519 (6th Cir. 2015) ("In *Lafler*, the [Supreme] Court found that the state court adjudication had not even applied the *Strickland* standard to the ineffective-assistance claim and was therefore contrary to clearly established federal law.").

8

> In *Bryant v. Westbrooks*, the Tennessee court erroneously referenced Bryant's failure to prove his ineffectiveness allegations by clear and convincing evidence:
>
>> Although the state court acknowledged the proper *Strickland* analysis as to deficiency and prejudice, it then applied a clear and convincing evidentiary standard, requiring Petitioner to prove his *constitutional violation* by clear and convincing evidence. *See Bryant*, 460 S.W.3d at 521. It is true that Tennessee law requires a post-conviction petitioner to prove factual allegations by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-110(f) (providing that "[t]he petitioner shall have the burden of proving the *allegations of fact* by clear and convincing evidence") (emphasis added). But the court did not limit the clear and convincing burden of proof solely to factual allegations. Instead, the court consistently referred to Petitioner's failure to prove deficiency itself by clear and convincing evidence. That is not the standard, as *Strickland* requires that deficiency be measured from the objective standard of a reasonable attorney, and the Sixth Circuit has acknowledged the evidentiary burden to be a preponderance of the evidence. *See Higgins*, 470 F.3d at 632. The Tennessee Supreme Court's imposition of a higher standard is thus contrary to clearly established federal law.
>
> *Bryant*, 2018 U.S. Dist. LEXIS 150668 at *40-41 (M.D. Tenn.) (adopted in relevant part at 2018 U.S. Dist. LEXIS 180833 (M.D. Tenn.) (finding that the imposition of a clear and convincing standard to prove IAC, which is a higher burden of proof than set forth in *Strickland*, is contrary to the clearly established law of *Strickland*). The exact same is true here. The Court of Criminal Appeals repeated its error from *Bryant*, and in doing so, rendered a decision contrary to the clearly established federal law of *Strickland*. Thus, Petitioner's ineffectiveness claims are not barred by 28 U.S.C. § 2254(d), and Petitioner is entitled to de novo review of his claims that trial and appellate counsel were ineffective. *See Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006) ("When the state court issues a decision that is contrary to federal law, we review the merits of the petitioner's claim de novo." (collecting cases).

(Doc. No. 22 at 5-6).

In response to Petitioner's objection, Respondents contend that Petitioner's position (that the court can reasonably presume the Tennessee Court of Criminal Appeals applied the incorrect standard) is inconsistent with how AEDPA deference applies on the state-court adjudication of a federal claim. (*See* Doc. No. 24 at 4-6 (citing *Holland v. Jackson*, 542 U.S. 649, 655 (2004) ("§

9

2254(d) requires that state-court decisions be given the benefit of the doubt [and] [r]eadiness to attribute error is inconsistent with the presumption that state courts know and follow the law.") (internal quotations and citations omitted)).

Here, Petitioner's objection simply restates arguments he previously made in support of his petition, (*see* Petitioner's reply, Doc. No. 18 at 10-11), and the Magistrate Judge already considered in the Report and Recommendation, (*see* Doc. No. 21 at 16-19, 33-34). Because "[a]n 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context," *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004), Petitioner's objection does not provide a basis to reject or modify the Report and Recommendation. *See Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Furthermore, *Holland v. Jackson* appears to defeat Petitioner's contention that the Magistrate Judge should have presumed that the Tennessee Court of Criminal Appeals failed to follow the law.

The Court has reviewed the Report and Recommendation and concludes it should be adopted and approved. Accordingly, Matthew Whitehair's petition for *habeas corpus* relief is **DENIED** and this action is **DISMISSED**. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE